Wheeler, J.
The objection to the admissibility in evidence of the transcript of -the record of the Probate Court, introduced by the plaintiff, because not certified to contain all the proceedings of the court relating to the admissibility of the succession, is not well founded. It was competent for tire plaintiff' to give in evidence such of the proceedings as were material to his case, and' it was not incumbent on him to introduce more.
Tlie principal questions iu the cases are in relation to the validity of the judgment of the Probate Court, rendered iu 1S47, which constitutes the principal cause of action, and the sufficiency of the averments and proof, to authorize a recovery on the smaller demand embraced in the petition — the judgment in favor of Townsend, as executor, against Baird, rendered by the Probate Court in 1841.
And, first, as to the validity of the judgment rendered in 1847. The court held, and we think rightly, that the rendering of his account iu the Probate Court, as executor, by the defendant, and the judgment of the court upon it, after the order for his removal iu 1843, was evidence sufficient to charge’ him as executor at the date of the rendition of the account and judgment. The presumption is that the order for his removal had been revoked, or that he was afterwards reinstated in his office; and this presumption is strengthened by the subsequent order removing him in 1850.
A more serious objection to the validity of the judgment is the apparent want of jurisdiction — the court, at a previous term, having rendered a final judgment in the case, touch remained in force, and there having been no notice to the defendant of the subsequent proceedings and judgment in the Probate Court.
Upon the appeal from the judgment'of the Probate Court, the law evidently required that the District Court should proceed to try the case anew upon the merits. (Hart. Dig., 1037.) The only action which the District Court could take upon the case was, either to dismiss the appeal, if not prosecuted, in a manner to enable the court to take cognizance of and try the case, or to proceed to trial and judgment upon the merits. The court, however, declined to try. the case, because of the defectiveness of the record, and remanded it to the Probate Court for further proceedings at the costs of the appellaut. The judgment appealed from being final, the only further proceedings which the Pro *156 bate Court could take in respect to that judgment was to carry it into effect. It could not revise its own iiual judgment,'rendered at a previous term. (3 Tex. R., 517; 4 Id., 200; 5 Id., 487.) That judgment remained in force until reversed or annulled by some proceeding having that object directly in view. (Ib.) ISTo such proceeding in the Probate Court is pretended, and if its judgment, subsequently rendered, had been upon such a proceeding it was void for the want of notice to the defendant. The District Court neither affirmed nor reversed the judgment of the Probate Court appealed from, hut simply remanded the case, leaving' its merits untouched. It did not exercise its jurisdiction upon the merits of the judgment, and, of course, it left it remaining in force. If the jurisdiction of theDislrictCourtattachedforanyotherpnrpose tlian simply dismissing the appeal, the limit of its legitimate exercise was to try the case, and either affirm the judgment or reverse and render its own judgment in the premises. It could not delegate its power, that is, it could not, by remanding the case for further proceedings, confer upon the Probate Court the jurisdiction, which the law had conferred and enjoined upon the District Court, or by its mandate authorize proceedings in the Probate Court which the law did not authorize. STor could its mandate amount to notice to the defendant that the Probate Court would proceed to take such further proceedings not authorized by law. The action taken by the District Court had no other effect than simply to dismiss the appeal and determine the supersedeas. (Lubbock v. Vince, 5 Tex. R., 411.) IVe conclude that the Probate Court had no authority to render the judgment now in question, having at a previous term finally adjudicated the same subject-matter, and having no jurisdiction of the person of the defendant, by notice either actual or constructive, and, consequently, that the judgment is void.
This conclusion would require that the case be dismissed if this were (.lie only cause of action contained in the petition. It, however, remains to consider the sufficiency of the averments and proof to authorize a recovery upon tiro other cause of action set forth in the petition — the judgment of the Probate Court in favor of the defendant in this case as executor against his co-executor. And here it is to be observed that there was neither averment nor proof that the judgment was collected by the defendant, or that it might have been collected by the use of reasonable diligence, and this, it seems, was necessary to a recovery. The general rule is well established that an executor or administrator shall not be charged with any other goods as assets than those which come to his hands. (2 Williams on Ex’ors, p. 1419.) An outstanding debt due to the decedent is not assets in the hands of his executor or administrator to charge him where there has not been gross negligence or the delay in collecting it has not been collusive, fraudulent, or unreasonable. (14 Johns. R., 446.) An executor is not chargeable with a note in his hands as assets until it is actually collected, unless he makes himself so chargeable by some act of gross negligence or fraud. (8 S. & M., 682; 2 Williams on Ex’ors, 3 Am. from 4th London edition, p. 1348 to 1435, and notes.) In the treatise of Mr. Williams, above, referred to, it is said : “ With respect to that part of the estate of an ex- “ ecutor or administrator which consists of ehoses in action, the law has long “ been settled that, although debts of every description due to the testator are “ assets, yet the executor or administrator is not to ho charged with them till “ he has received the money. So if the executor or administrator recovers at “law or in equity any damages or compensation for any injury done to the “ personal estate of the testator before, or since his decease, or for the breach “ of any covenant or contract made with the testator or with himself in his representative character, all such damages thus recovered shall be assets in bis “ hands, the costs and charges of recovering them being deducted, but lie shall “ not be. charged with them until he has reduced them into possession. Tims, “ in Williams v. James, 1 Campb. R., 364, in order to prove assets in the hands “ of the defendants who were executors, an account rendered by them was “ given in evidence, in which they slated that £1,000 had been awarded, as due “to the testator’s estate, from a person who had been jointly concerned with *157 a him in underwriting policies of insurance. But Lord Ellenborough u hold t-liat this was not sufficient proof of assets, as it did not show that any u part of the sum awarded had been received by the executors.” (Id., 14*21.)
Note 52. — Where the fiduciary capacity of one acting as administrator is recognized by the Probate Court, his authority cannot be called in question collaterally for the purpose of invalidating his lawful acts done in the duo course of administration. (Poor u. Boyce, 12 T., 440; Hurt r. Horton, 12 T., 285; Dancy v. Stricklinge, 15 T., 557; Bayne v. Garrett, 17 T., 330; Soyov. McCallister, 18 T., 80; George v. Watson, 19 T.,354; Baker v. Coe, 20 T.,429; Giddingsv. Steele, 28 T., *732 ; Davis v. Wells, 37 T., 606.)
It seems, therefore, that to have entitled tlie plaintiff to a recovery upon the cause of action in question, it must have been averred and proved either that the defendant had collected the money, or, at least, that he might have done so by the use of reasonable diligence. Had the proof been sufficient in this respect, possibly the insufficiency of the averment might have been cured by the verdict. As, however, there was not sufficient proof, the verdict must be set agirte and the judgment reversed as to this cause of action also. But as the defective statement of the cause of action may be cured by amendment, and the omission in the proof may be supplied upon another trial, the cause will lie remanded to afford that opportunity.
Reversed and remanded.