MELISSA P. DODGE ET AL. v. DAVID T. LITTER ET AL.

No. 2671.

1. **Sale of Chattels—Estoppel.**—Ordinarily the purchaser of personal property can not acquire by his purchase a better title than the seller owned. There are circumstances in which the buyer may acquire a better title than the seller had, growing out of the principles of estoppel applied to the acts of the owner touching the thing sold.

2. **Notice—Land Certificate.**—A purchaser of a land certificate filed in the Land Office and located upon land which it can not hold is affected with notice of the facts apparent in the records of the Land Office in the particular file of which the certificate formed a part, and also of what ordinary investigation upon such facts would develop.

3. **Estoppel.**—See facts held not to estop a purchaser of a land certificate from asserting ownership of land secured by the certificate but located by a subsequent purchaser of the certificate.

APPEAL from Jasper.   Tried below before Hon. W. H. Ford.
The opinion states the case.

*T. W. Ford*, for appellants.— 1.   If Wm. E. Dodge, appellants' tes-

tator, was an innocent purchaser for value of that half of the land certificate claimed by defendants (appellees), and by virtue of which the land in controversy was located, he should be protected as such, and the judgment of the court below should have been rendered in favor of plaintiffs (appellants). Hill v. Moore, 62 Texas, 610; Wethered v. Boone, 17 Texas, 143; Love v. Berry, 22 Texas, 371; Baggett v. McKenzie, 28 Texas, 581–583; 1 Story's Eq. Jur., secs. 409, 410.

2.    Where one buys a chattel from another who is the apparent owner, paying a valuable consideration therefor, and the seller delivers to the purchaser with his transfer the possession or control of the possession of such chattel, unless there was something about the chattel itself or the person selling it to cast suspicion upon the title of the seller the purchaser would not be bound to look anywhere for adverse title, and would be protected as a bona fide purchaser, save where the purchaser buys from a thief.

*Lipscomb Norvell*, for appellees.—The suit not being in the usual form of trespass to try title, but a suit to try title, in which plaintiffs and defendants respectively set out distinctly and particularly the titles upon which they respectively rely, they were limited to proof of their titles as alleged; and there being no sufficient allegations in the plaintiffs' pleadings of the facts and ingredients requisite to show that their testator, Wm. E. Dodge, was an innocent purchaser for value without notice, no evidence of these facts and ingredients was admissible or should have been considered. Paul v. Perez, 7 Texas, 338, and authorities there cited; Rivers v. Foote, 11 Texas, 662; Hughes v. Lane, 6 Texas, 289; Watkins v. Edwards, 23 Texas, 443; Story's Eq. Pl., secs. 805–10; Curtis' Eq. Prec., 2 ed., pp. 174, 175.

On notice. Rodgers v. Burchard, 34 Texas, 442, and authorities there cited; Harrison v. Boring, 44 Texas, 256; 1 Pars. on Con., 3 ed. 64–66, 440, 441; Story's Eq. Pl., sec. 808; 1 Story's Eq. Jur., sec. 408; Jackson v. Sharp, 6 Am. Dec., 268; Richardson et al. v. Levi et al., 67 Texas, 360; Thorn v. Newsom, 64 Texas, 161.

HENRY, ASSOCIATE JUSTICE.—This is an action of trespass to try title instituted by appellants to recover of appellees one-half of three-fourths of a league of land.

The certificate by virtue of which the land was located was issued in 1838 to Hezekiah R. Williams, who was then married to Lavinia Williams. The husband died leaving children and his wife surviving him, and the transactions out of which this suit grows took place in connection with the certificate before it was located on the land now in controversy.

In 1857 the wife conveyed in writing by a separate instrument her half interest in the three-fourths league certificate to one William Lewis.

Shortly afterwards it was located upon titled lands in Johnson County, and field notes of the surveys, together with the certificate, were returned to and filed in the General Land Office, where they remained without other notice or action until the certificate was withdrawn, as hereafter stated. The transfer to William Lewis was not recorded in Johnson County or filed in the Land Office.

Appellees introduced in evidence a certified transcript from the General Land Office of the State of Texas, containing the field notes of three surveys in Johnson County by virtue of the H. R. Williams three-fourths league certificate, in the year 1857, and the Land Office endorsements and memoranda relating thereto, and also the following memorandum:

*(4,538,752) sq. vs.*

"*The State of Texas, Johnson County.*—The balance of said certificate is entered for 1742 less 400 acres by virtue of H. R. Williams' headright No. 54. Beginning at a point 672 west and 1380 vrs. of J. R. Leonard southwest corner; thence north 2376 vrs. a point; thence west 2752 to the east line of Johnson County school land, a corner natural stone brs. west 4 vrs.; thence south 2376 vrs. to the north line of a survey made for J. H. Cooper, 85 vrs. east of its northwest corner; thence east to the place of beginning, so as to include the above 1342 acres of land for my third survey. Buchanan, March 2, 1857.

"WILLIAM LEWIS.

"Recorded March 2, 1857.

"G. M. PIERCE, C. S.

"Filed in General Land Office, May 5, 1858."

On the 10th day of August, 1860, William Lewis, by his deed, conveyed the land in Johnson County located by said certificate to William Philips, and on the 24th of March, 1862, said William Lewis by his deed conveyed the same land to M. J. Philips, both of said deeds describing the land conveyed as the headright of H. R. Williams.

On the 3d day of June, 1868, the surviving wife of H. R. Williams a second time conveyed by deed her one-half interest in the certificate. Her second deed was made to R. H. Leonard, who the evidence tends to show purchased without any other notice of the first sale than the above described memorandum may be held to have furnished, and for a valuable consideration.

About the same time Leonard also purchased and received from the children of H. R. Williams a deed for their interest in the certificate. Leonard having withdrawn it from the General Land Office, on the 20th August, 1869, sold and conveyed .the certificate to appellant's testator. Shortly after the purchase of the certificate by appellant's testator he .

caused it to be located ȯn the land in controversy in Jasper County, and in November, 1870, it was patented to the heirs of Hezekiah R. Williams.

The deeds under which appellants claim were filed for record in Jasper County on the 28th day of January, A. D. 1874. Those under which appellees claim were first recorded August 2, 1879, and then in Jasper County.

On the 25th day of April, 1881, M. R. Philips sold and conveyed to Collier and Shepherd his half interest in the land in Jasper County, under whom appellees claim by subsequent deeds.

The District Court rendered judgment in favor of defendants, to reverse which plaintiffs prosecute this appeal.

Appellants insist that "the court erred in rendering judgment for the defendants in this, that the widow of Hezekiah R. Williams being the apparent owner of one-half the certificate by virtue of which the land in controversy was located, and the conveyance of the same to said Wm. E. Dodge being accompanied by actual delivery to him of said certificate, warranted him in believing that he was getting a good title to her interest in said certificate and constituted him an innocent purchaser thereof, and the court should have rendered judgment for plaintiffs."

It is well settled in this State that a land certificate is personal property, and its sale and conveyance are regulated by the rules relating to personal property.

It is a general rule attending sales of personal property that the purchaser can not acquire a better title to the thing sold than the seller owned. There are circumstances in which the purchaser may acquire a better title than his vendor had, growing out of the principles of estoppel, none of which are found to exist in this case.

Our registration laws at the time of the first conveyance of her interest in the certificate by the surviving wife of Hezekiah R. Williams did not require the recording of the conveyance to make it valid against subsequent purchasers for value without notice.

The evidence shows that the certificate was not left in her possession by the purchaser under such circumstances as would have invested her with the apparent ownership over it, thereby aiding her to mislead and defraud the subsequent purchaser and thus giving him the better right. On the contrary the certificate was not found in the possession of the wife or children of the original grantee when the second purchase of the wife's interest was made, but in the Land Office, regurlarly applied to land which it could not hold; and while the proceedings did not furnish such evidence as they might and could easily have been made to do of the sale of the certificate, we yet think that the memorandum, signed by William Lewis and asserting his claim to the land, made it the duty of the purchaser to institute inquiry as to his connection with the certificate. That

inquiry it seems would have led to knowledge that Lewis had purchased and sold the interest of the wife.

It does not appear that Leonard made any inquiries. Armstrong was the agent by whom Leonard withdrew the certificate from the Land Office, and was also shortly afterwards agent for appellants' testator in making his purchase from Leonard, wherefore appellants are chargeable with such knowledge as their agent had, and it does not appear that they, any more than their vendor Leonard, exercised such diligence as was reasonably proper under the circumstances.

The land certificate being personal property, the half interest of the wife having been sold to the remote vendor of appellees, the sale being unaffected by the registration laws as they then stood, and the record not showing that the purchaser did or omitted to do any act misleading subsequent purchasers or estopping himself, we think the wife by her first sale divested herself of all interest in the certificate, and the second purchaser from her acquired no title.

The judgment is affirmed.

*Affirmed.*

Delivered March 15, 1889.