WESLEY BLACKWELL ET AL. v. JASPER L. BLACKWELL ET AL.

No. 57.

### 1. Closing Administration—Discharging Administrator.

Article 1829, Revised Statutes, prescribes: "Where letters testamentary or of administration shall have once been granted, any person interested in the administration may proceed after any lapse of time to compel the settlement of the estate, when it does not appear from the record that the administration thereof has been closed." In absence of an order closing the estate no presumption arises from lapse of time. 210

### 2. Life-Estate Devised.

An executor at once turned over a tract of land to the widow of the testator, to whom a life-estate therein had been devised. She subsequently sold the land to the executor, who took and retained possession. She died before the close of the administration. The heirs sought the partition of the land held by the widow for her life. *Held*, that the land was subject to partition as assets, and that any conveyance thereof to the executor was in trust for the heirs.................................. 211

ERROR to Court of Civil Appeals for First District, in an appeal from the County (Probate) Court of Rusk County.

*J. H. Turner*, for plaintiffs in error.—1. The Probate Court alone has the right to settle and partition estates pending in it, and can make all necessary and proper inquiries as to what property belongs to such estate. Hartwell v. Jackson, 7 Texas, 581.

2. A grantee only takes such title as his grantor had, and a life-estate ceases at the death of the life tenant.

3. An executor or administrator will not be permitted to take title to property of the estate and set up adverse title to the same.    Fisher v. Wood, 65 Texas, 199.

4. If a life tenant dies pending administration of will through which she claims, the property so claimed will revert to such estate, and upon final settlement of same is subject to partition as the rest of the property of the estate.

5. An executor is estopped from denying title to property of the estate; because the law holds said executor to be a trustee and prohibits him from denying the rights of the cestui que trust and from so dealing with the trust property as to gain a benefit at the expense of the beneficiaries in the trust; and because it is inequitable and unjust to allow said trustee to defeat the will of his testator and the rights of the heirs thereunder by taking a deed to the property with which he is intrusted by said will, and while he is administering said estate in this court.    This court has a right to say whether this is a part of the estate of Jediah Blackwell, and subject to division, and it is not an undue assumption of power for it to do so.    Neyland v. Bendy, 69 Texas, 712.

*G. H. Gould, J. H. Jones,* and *N. B. Morris,* for defendants in error.

1. County Courts of this State have no authority to adjudicate title to land.    This land did not belong to the estate of Jediah Blackwell after it was set apart to Nancy Blackwell, and she had receipted for it under the will.    Const., sec. 8, art. 5; Rev. Stats., art. 1167; Bradley v. Love, 60 Texas, 472.

2. After final settlement and distribution of an estate by approval and judgment of the Probate Court, the said Probate Court has no jurisdiction over said estate, and an order requiring the executor to file an additional inventory is void.    In 1883 appellee filed in the Probate Court a report for final settlement of Jediah Blackwell's estate.    Said report was approved by the court the 23rd of March, 1883, in a judgment directing the executor to pay over to the heirs the money awarded by the court to each one, which said order was in all things executed by said appellee. 9 Texas, 14; 70 Texas, 71.

3. After the land in controversy in this suit had been separated from the estate of Jediah Blackwell and turned over to Nancy Blackwell, as directed by Jediah Blackwell's will, and she had receipted the executor for the same, it was never afterward any part of the estate of said Jediah Blackwell, and his executor, appellee, had not, nor could have, any further control of it as executor.

BROWN, Associate Justice.—This cause originated in the County Court of Rusk County in a matter of probate.    The facts necessary to the disposition of the questions involved are as follows:

Jediah Blackwell made a will, and died at sometime prior to the 24th day of May, 1874. In his will he disposed of his estate, and among other things, he gave to his wife, Nancy Blackwell, for her natural life, 310 acres of land out of a tract of 930 acres. After her death the land was to be equally divided among his heirs. He appointed Jasper L. Blackwell executor of the will, which was duly probated on the 24th day of May, 1874, and the executor qualified on that day. On the 28th day of the same month the executor turned over the 310 acres of land to Nancy Blackwell, and she went into possession of it. There seems to have been no order of the court directing the land to be delivered to her. The whole tract of 930 acres was returned by the executor upon the inventory of the property of the estate.

On the 28th day of December, 1877, Nancy Blackwell conveyed the 310 acres to Jasper L. Blackwell, who took possession of it, and made improvements upon it to the value of $3800. Nancy Blackwell died on the —— day of ————, 1879. From the facts found by the Court of Civil Appeals it does not appear what kind of deed was made by Nancy Blackwell to Jasper L. Blackwell. The court found that he took possession and claimed title to the land.

In 1882 the executor filed in the County Court of Rusk County an account for final settlement, which showed on hand some money and some claims reported to be insolvent. The account was by the County Court approved, and the money ordered to be distributed among the heirs, which was done. The court made no order discharging the executor nor disposing of the claims reported to be insolvent, nor of the land in question.

In 1887 the executor filed in said court a report stating that a claim which had been reported as insolvent could be compromised, asking that the estate be reopened for that purpose, and that he be permitted to compromise the claim. The court entered an order reopening the estate for the purpose of compromising the claim and approving the compromise. The claim was compromised, and the executor in that settlement acquired some lands, which he rented out, and rendered to the court annual reports of the rents and expenses for the years 1888 and 1889; and on August 30, 1890, upon application of the heirs, he filed in the court an additional final account, asking for final discharge. This account was contested by the heirs because he did not include in his report the land in question. Upon hearing, the County Court disapproved of the account and ordered that the land be distributed among the heirs, and that the executor account for the rents. The executor appealed to the District Court, where the case was tried de novo before Hon. J. H. Wood, special judge, who approved the account of the executor, holding that the Probate Court had no jurisdiction to try the title between the executor and the heirs. It appears

that the executor claimed title to the land under the deed from Nancy Blackwell to himself. The Court of Civil Appeals affirmed the judgment of the District Court.

Three questions of law arise upon the facts and the rulings of the courts:

First. Was the estate of Jediah Blackwell closed by the order made in 1883 by the County Court, approving the final account of the executor and ordering a distribution of the money on hand among the heirs?

Second. Was there in this case such a controversy over the title to the land in question as prevented the County Court from ordering the partition of it among the heirs?

Third. Was the 310 acres tract of land a part of the estate, and subject to partition by the County Court?

The first question is settled by the statute in force at the time that the order of court was made approving the account. Article 1829, Revised Statutes, provides, that "Where letters testamentary or of administration shall have once been granted, any person interested in the administration may proceed, after any lapse of time, to compel the settlement of the estate when it does not appear from the record that the administration thereof has been closed." Branch v. Hanrick, 70 Texas, 731. There was no order discharging the administrator nor closing the estate. The executor could not claim a discharge by any presumption based on his own neglect to call for a discharge. Main v. Brown, 72 Texas, 505.

This statute was intended to remedy the then condition of the decisions by which a discharge might be presumed from lapse of time. Under those decisions, however, the executor, under the circumstances of this case, could not be heard to claim a discharge. He had, after the making of the order relied upon, appeared in court and asked orders of the court with reference to the estate; he had acquired property for the estate under the orders granted, and for two years rendered annual accounts as if the estate were open and being administered. When called upon to surrender the estate to the heirs, he would not be allowed to make a shield of the time which he had consumed in its management. Bayne v. Garrett, 17 Texas, 335; Townsend v. Munger, 9 Texas, 310; Main v. Brown, 72 Texas, 505.

The second point made we consider untenable. This land belonged to Jediah Blackwell at his death. He devised it for life to his wife, Nancy Blackwell, and after her death to be divided between his heirs. Jasper L. Blackwell, as executor, turned it over to Mrs. Blackwell under the will, without order of the court, and afterwards took a conveyance to himself from her. She died soon after the conveyance was made, and he continued in possession, claiming the land and making improvements on it. Whatever may have been the form of the conveyance from Nancy Blackwell to the executor, Jasper L. Blackwell, it conveyed to him no more than an estate for life (which is all the estate shown in her by the facts), which terminated at her death. Rev. Stats., art. 550.

The claims of all the parties were derived from the will of Jediah Blackwell, and the only question for the County Court to determine was the interest of the several heirs under the will. There was no controversy as to the title to the land.

The Court of Civil Appeals held, that when the executor delivered the possession of the land to Mrs. Blackwell, the person to whom it was devised for life, the land was separated from the estate, it not appearing that there were any debts or "necessity to use it for payment of debts." If there had been debts, the court could have ordered the land sold, or there might have been administration then taken out, if none existed. Bufford v. Holliman, 10 Texas, 560. The will created two estates in the land, a life-estate in Mrs. Blackwell and a remainder in the heirs. The life-estate conferred the right of possession and use during the life of Mrs. Blackwell, but at her death that possession vested in the heirs, and was united with the fee. The rights of the heirs being undivided, was in the estate of the deceased, and held by the executor for their benefit. Rev. Stats., art. 1817. If the Probate Court might have ordered the sale of the land for payment of debts, it was a part of the estate for all purposes, that is, for disposition under the will.

The executor could not acquire title adverse to that of the heirs for whom he was trustee. 2 Perry on Trusts, 3 ed., sec. 863. If a stranger had bought from Nancy Blackwell, it would have been the duty of the executor at her death, the estate being in course of administration, to have recovered the possession for the heirs. Rev. Stats., art. 1817. The executor being in possession at the death of the tenant for life, and it being his duty to take possession, his fiduciary character attached to that possession, and it became the possession of the heirs by their trustee. The title to the land and the possession were then united, and the land was a part of the estate for distribution under the will which the court was administering.

The judgments of the Court of Civil Appeals and of the District Court were erroneous in refusing to compel the executor to account for the land, and in refusing to partition it among the heirs; and the judgments of said courts are reversed and this cause is remanded to the District Court, with instructions to try the cause de novo, and to partition the lands among the heirs according to their several rights.

*Reversed and remanded.*

Delivered December 4, 1893.