MRS. JULIA A. McLAIN ET AL. v. ALPHONSO PATE ET AL.

Decided January 13—February 5, 1910.

1.—Administration—Pendency—Presumption—Sale.

Under the Act of August 15, 1870, Laws 12th Leg., p. 147, sec. 46, there was no presumption that an administration taken out eighteen years before had been closed prior to the sale of property by the administrator in 1872, in the absence of any record of its closing.

**2.—Administration—Sale of Personal Property.**

Under the Act of August 15, 1872, Laws 12th Leg., p. 161, secs. 144, 145, 161-3, 165, 230, 304, an administrator could sell personal property of the estate without order of court and at private sale.

**3.—Personal Property—Land Certificate.**

An unlocated land certificate is personal property and subject to administrator's sale as such.

**4.—Contract—Widow and Administratrix.**

A written transfer of an unlocated land certificate by the widow and administratrix of a decedent to whom it had been conveyed considered and held sufficient to pass her community interest and also the interest of the estate therein.

ON REHEARING.

**5.—Administration—Pendency—Presumption.**

The original language of sec. 46 of the Act of August 15, 1870, was equally effective with that of its modified form as embraced in art. 1882, Rev. Stats., to the same purpose, in preventing a presumption from lapse of time that an administration had been closed, in the absence of record evidence of that fact.

Appeal from the District Court of Panola County. Tried below before Hon. W. C. Buford.

*R. W. Priest,* for appellant.—The court gave to the jury a peremptory charge that the transfer of the certificate, upon which the land in controversy was patented, by Julia Ann Sigler to J. K. Williams did not pass the interest of W. N. Sigler to the land in controversy, and directed the jury, in said charge, to find for interveners for one-half of the land in controversy, which said peremptory charge plaintiffs or appellants herein assign as error. Davidson v. Wallingford, 88 Texas, 618; Lockridge v. Corbett, 31 Texas Civ. App., 676; Baldwin v. Roberts, 13 Texas Civ. App., 563; Abernathy v. Stone, 81 Texas, 434; Corzine v. Williams, 85 Texas, 499; Parker v. Spencer, 61 Texas, 165.

*H. N. Nelson* and *M. E. Richardson,* for appellees.—It is not only the right but the duty of the court to instruct verdicts when there is no evidence except on one side of the case, or such slight evidence as would not sustain a verdict if rendered thereon. Roddy v. Kingsbury, 5 Texas, 152; Reid v. Reid, 11 Texas, 593; Eason v. Eason, 61 Texas, 225; Bond v. Mallow, 17 Texas, 636; Supreme Council v. Anderson, 61 Texas, 296; Grinnan v. Dean, 62 Texas, 218.

HODGES, Associate Justice.—This suit was instituted by Julia A. McLain and others in 1908, against Alphonso Pate, Dave Sholar and W. N. Hutto, in the form of trespass to try title to recover certain premises described in the petition. Sholar disclaimed any interest in the land; Hutto claimed a portion, which, by agreement of the parties, was set off to him in the final disposition of the case; and Alphonso Pate is shown to have been the tenant of the appellees. Later in the proceedings E. B. Seigler filed a plea of intervention,

claiming the land; and still later W. N. Seigler, Mrs. E. A. Warren, Florence E. Walker, Mrs. Ada Green and Mrs. Emma Turner, all joined by their husbands, filed a plea of intervention, alleging ownership of the land and the tenancy of Pate. Upon the conclusion of the testimony the court instructed a verdict in favor of the appellants for one-half of the land sued for, and in favor of the appellees for the other half. All parties complain of this action of the court, and have assigned error.

The testimony shows that the land in controversy was located by virtue of a certificate for a league and labor of land issued to Mitchell Carpenter in 1838. In November, 1840, Carpenter conveyed the certificate and all right to the land that might be located thereunder to W. N. Seigler, through whom the appellees, interveners below, claim title. W. N. Seigler died without ever having located the certificate. In March, 1854, his wife, Julia Ann Seigler, was appointed administratrix of his estate by the Probate Court of Smith County. It does not appear from the record before us whether she ever made a final settlement of the estate and procured a discharge from the Probate Court. In 1872 she conveyed the certificate to J. K. Williams by the following instrument of writing:

"The State of Texas,
    County of Smith.
    "Know all men by these presents, That I, Julia Ann Sigler, wife, widow and Admrx. of the Estate of my husband Wm. N. Sigler, deceased, of Tyler, Texas, I being now a resident of Tyler, Texas, have this day contracted, bargained and sold, and by these presents do bargain, sell and convey unto the said John K. Williams of the County of Harrison and State of Texas, for the consideration of the sum of Five Hundred Dollars, to me in hand paid by the said J. K. Williams, (The receipt of which is hereby acknowledged) with a perfect title as was vested in my said husband, Wm. N. Sigler's Bounty Warrant No. 2464, issued by the Adjt. Genl. of the State of Texas, for (320) Three Hundred and Twenty acres of land, said Williams being fully authorized to obtain from the Commr. of the Genl. Land Office said Certificate, and the patent to the lands located by virtue thereof at said Williams' own discretion, and also I, the said Julia A. Sigler, further convey unto the said J. K. Williams for the aforesaid consideration, one League and Labor Land certificate, the Headright of M. Carpenter, No. 60, Class No. 1, issued by the board of land commissioners for San Augustine County, for one League and Labor of land conveyed by the said Mitchell Carpenter to my said husband Wm. N. Sigler with all and singular the lands located by virtue of the same and the Comr. of the Genl. Land Office is hereby authorized to issue Patent to the said J. K. Williams in his own name and to give him full control of said certificate and transfers the lands or patent secured by virtue of the same unto the said J. K. Williams, his heirs, administrators, executors and assigns with all the appurtenances thereunto belonging or in any wise appertaining.

"In testimony whereof I hereunto set my hand and seal, using

scrowl for seal, this the 23 day of April, A. D. 1872, One Thousand Eight Hundred Seventy-Two.    "Julia A. Sigler, 'L. S.'"

It must be conceded that the appellants hold under a perfect chain of transfers from Williams, and that if Williams by the conveyance above mentioned acquired a title to the entire interest represented by the certificate they are entitled to recover the land sued for. Upon its face the deed purports to convey the entire interest in the certificate without any reservation, as "the wife, widow and administratrix of . . . Wm. N. Sigler," deceased. This language is broad enough, if the power existed, to convey not only the community interest of Mrs. Seigler, but that of her deceased husband's estate. Her authority to make the conveyance is attacked upon the ground that the record fails to show any order of the Probate Court directing the sale, or approving the sale after it was made. About eighteen years had elapsed between her appointment and the date of the sale. Under the rule adopted by the courts prior to the passage of the Act of 1870 (Rev. Civ. Stats., art. 1882), it would in such an event be presumed that administration had been closed, and that she was at that time without authority to further act as the representative of the estate. But since the enactment of the provision above referred to no such presumption will be indulged, and an administration will not be regarded as closed till the administrator is discharged. Blackwell v. Blackwell, 86 Texas, 207, 24 S. W., 389; Branch v. Hanrick, 70 Texas, 731, 8 S. W., 539. The facts in evidence showed but few of the proceedings in the Probate Court concerning the Seigler estate. There were orders setting aside certain property to the widow and minor children, requiring the administratrix to make and exhibit and show cause why she should not pay costs, and another continuing till the next term "the case of Julia A. Seigler for final settlement and distribution." The inventory returned did not contain the certificate in question. Whether there was ever any supplementary inventory returned does not appear. There was evidence which was undisputed that the probate records of Smith County had been searched and no other orders or records pertaining to this administration could be found. This testimony would seem to negative the existence of any order discharging the administratrix, as well as any authorizing the sale of the certificate. But was such an order as that last named needed to convey a good title to the certificate at the time the sale purports to have been made? If we can not indulge the presumption, from mere lapse of time, that the administration was closed in 1872, and upon that ground question the right of Mrs. Seigler to further act in her representative capacity, the logical inference from the testimony is that the administration had not been closed. If it had not, then she was still clothed with all the rights and powers of an administrator. Her rights and powers and the validity of her acts must be determined by the law in force at the time she made this conveyance. The probate law in force at the time of her appointment in 1854 had been superseded by the Act of August 15, 1870, which latter was still in force at the time of her conveyance of the certificate to Williams. P. D., art. 5462 et seq.; 6 Gammel's Laws of Texas, 141. This Act did not require the administrator to obtain

an order of the Probate Court to sell the personal property of the decedent, except in certain cases. The following provisions of that Act appear to govern the rights, duties and powers of administrators pertinent to this inquiry:

"Art. 5612. (144) The personal property passes to the executor or administrator, to be disposed of as hereinafter provided for, unless otherwise ordered by the court; and a sale of such property can not be attacked, except for fraud in the purchaser.

"Art. 5613. (145) Real property merely passes to the possession of the executor or administrator, to be preserved and hired or rented, as provided in sections one hundred and fifty and one hundred and fifty-one, to be sold by order of the court, if necessary, for the payment of debts, to be distributed or delivered up to the persons entitled to the remainder of the estate."

"Art. 5629. (161) The executor or administrator, as soon as practicable after the appraisement, shall sell, at public or private sale, all the personal property belonging to the estate, except property exempt from forced sale, specific legacies, and personal property necessary to carry on a plantation or manufactory, giving such credit as he may deem most advantageous to the estate, not exceeding six months, and taking notes, with one or more sufficient sureties, for the purchase money.

"Art. 5630. (162) If any testator direct his personal estate, or any part thereof, not to be sold, the same shall be reserved from sale, unless such sale be necessary for the payment of debts.

"Art. 5631. (163) The executor or administrator shall keep, or cause to be kept, a true account of the sales made, making a list thereof, specifying each article sold, the price for which it was sold, and the name of the purchaser, and shall annex to such list an affidavit, showing that it is a true account of the sales made by him at the time specified, and shall file it within thirty days after the sale. Such accounts shall be recorded, after allowing one term for objections to be made thereto."

"Art. 5633. (165) The executor or administrator may sell any of the personal property of the estate at private sale, if it appear to him to be for the interest of the estate; but he shall be responsible for its being sold for a fair price, and shall make return of such sale within thirty days."

"Art. 5698. (230) If any person desires to obtain the possession merely of real property, or to recover personal property, it is sufficient to make the executor or administrator a party. But the title to land can not be affected by a recovery in such suit."

"Art. 5771. (304) All proceedings in relation to the settlement, partition, and distribution of estates of deceased persons, that now remain unsettled in the County Courts, where the administration has been commenced, shall be transferred to the District Court of the same county, and shall be concluded under the provisions of this Act: *Provided,* That no remedy to which a creditor is entitled under the provisions of the laws heretofore in force shall be impaired by this Act. Proceedings heretofore had in the County Courts in matters of probate may be revised by motion in the District Court,

specifying the errors or irregularities sought to be corrected, giving ten days' notice thereof to the party or parties adversely interested."

From the foregoing it will be seen that there is no provision requiring the administrator to procure an order from the Probate Court as a prerequisite to the sale of personal property. Land certificates, prior to their location, have always been treated by our courts as personal property, which may be transferred as any other chattel. Dodge v. Litter, 73 Texas, 322, 11 S. W., 331; Melton v. Turner, 38 Texas, 84. The objection to this conveyance from Mrs. Seigler to Williams being in the nature of a collateral attack on the sale, it devolves upon the appellees to show the absence of some essential element, or the existence of some fact that would destroy the validity of the transaction. Fisk v. Norvel, 9 Texas, 18; Hurley v. Barnard, 48 Texas, 87; Lyne v. Sandford, 82 Texas, 63, 19 S. W., 847. This not having been done, we must hold that the sale from Mrs. Seigler, as the administratrix of W. ·N. Seigler's estate, had the legal effect of passing title to whatever interest in the certificate belonged to that estate.

We also think the language is sufficiently comprehensive to convey her community interest, and thus invest Williams with the entire ownership. It follows from this that the appellants had shown title to all of the land sued for, and that the court erred in the instruction given to the jury.

In view of the fact that upon another trial there might be other evidence obtained bearing upon the issues involved, we have thought it proper to remand the cause for another trial. The judgment of the District Court is therefore reversed and the cause remanded.

*Reversed and remanded.*

### ON MOTION FOR REHEARING.

In their motion for rehearing the appellees appear to rely upon the assumption that art. 1882 of the Revised Civil Statutes did not become the law till 1895. This provision originated in 1870, and appears as sec. 46 of the Acts of August 15 of that year. At that time it read as follows: "But where letters testamentary or of administration have once been granted, no presumption is admissible which is contrary to the record; and the persons interested in the administration may proceed, after any lapse of time, to compel a settlement of an estate· which does not appear from the record to have been closed." P. D., 5507. Upon the adoption of the present Revised Statutes the words, "no presumption is admissible which is contrary to the record," were omitted. That clause, however, does not affect the question here in issue.

The motion is overruled.