**TEXAS PIPE LINE CO. v. COZART.**

**No. 2533.**

Court of Civil Appeals of Texas. El Paso.
May 7, 1931.

Rehearing Denied May 21, 1931.

H. R. Wilson and H. S. Garrett, both of Fort Worth, for appellant.

W. C. Jackson, of Fort Stockton, and Jno. L. Fowler, of Odessa, for appellee.

HIGGINS, J.

This is a suit by Cozart against the appellant to recover some secondhand oil well casing.

The evidence from appellee's viewpoint is to the following effect:

Appellee, under the trade-name of Cozart Supply Company, and. Wm. Wolf, under the name of McCamey Iron & Metal Company, were each engaged in business at McCamey, buying and selling well casing, etc. October 7, 1928, Cozart and Wolf together went to Odessa, where Wolf, as Cozart's agent, purchased from the Feenberg Trading Company the casing in question and gave his (Wolf's) check to cover the purchase price. Cozart and Wolf returned immediately to McCamey, and the next day they together went to the Security State Bank of McCamey, where Cozart gave his check for the purchase price of the casing in favor of Wolf and informed the bank, in effect, that it was to protect the check which Wolf had drawn the day before at Odessa. Wolf indorsed and deposited the check. The casing was left at Odessa in the yard of the Feenberg Trading Company.

About November 30, 1928, appellant, acting through its agent, J. B. Haden, purchased the casing from Wolf, paid him therefor, and obtained an order on the Feenberg Company for the delivery of the casing under which order the casing was delivered to appellant. Briefly stated, the jury found:

1. Wolf did not purchase the casing for himself.

2. On October 7, 1928, Cozart made Wolf his agent to purchase pipe.

3. On October 7, 1928, Cozart made Wolf his agent to purchase the casing from the Feenberg Trading Company.

4. On said date Wolf purchased the casing for Cozart from said trading company.

5. At the time Wolf sold the same to J. B. Haden for the Texas Pipe Line Company, Haden had no notice that the piping was owned or claimed by Cozart.

6. At the time of the purchase Haden in good faith believed the piping was owned by Wolf.

Question 7 reads: "At the time the Texas Pipe Line Co. contracted with Wm. Wolf for the purchase of the pipe in question, did any of the proper representatives of the Texas Pipe Line Co. have notice that D. E. Cozart was claiming the pipe in question?" This was answered "Yes."

Upon the findings judgment was rendered in favor of Cozart.

Upon the first, second, third, fourth, and seventh findings the judgment was of course properly rendered in favor of Cozart (1 Mechem on Sales, § 159), but appellant attacks the sufficiency of the evidence to sustain the seventh finding. The evidence upon the seventh issue is probably insufficient to sustain the finding. But this is immaterial in the state of the evidence upon the issue of estoppel.

As regards personal property it is the settled general rule that a vendee cannot acquire a better title than his vendor had unless some principle of estoppel arises against the true owner which precludes such owner from asserting his otherwise better title. The fact that the vendee acquired the property in good faith and for value is not of itself sufficient to defeat the title of the true owner. In addition there must be an estoppel against the true owner arising out of some conduct. of such owner.

Dodge v. Litter, 73 Tex. 319, 11 S. W. 331, and other cases cited in 15 Michie Digest, 441; 24 R. C. L. pp. 375, 376, and cases cited in notes 4 and 5; 1 Mechem on Sales, § 154 et seq.

The rule as stated in Bigelow on Estoppel (6th Ed.) p. 607, is: " * * * That where the true owner of property, for however short

a time, holds out another, or, with knowledge of his own right, allows another to appear, as the owner of or as having full power of disposition over the property, the same being in the latter's actual possession, and innocent third parties are thus led into dealing with such apparent owner, they will be protected. Or where others are innocently induced to acquire rights in derogation of the secret or undisclosed claims of those who cause such action, the rights so acquired are secure whether contested at law or in equity. Such rights do not depend upon the actual title or right or authority of the party with whom they have directly dealt, but are from conduct of the real owner which precludes him from disputing against them the existence of the title or right or power which he caused or allowed to appear to be vested in the party making the sale."

With reference to this principle of estoppel in 1 Mechem on Sales, at sections 158 and 159, it is said:

"In order, however, that this rule shall operate, it is essential that the acts relied upon as indicating ownership by the possessor shall be acts for which the true owner is responsible; for it is clear that no acts of the possessor alone can suffice to cut off the rights of the true owner. * * *"

"Again, the purchaser must actually have parted with value in reasonable reliance upon the apparent authority so that he will be prejudiced if the transaction is not upheld. 'Two things must concur,' it is said, 'to create an estoppel by which an owner may be deprived of his property, by the act of a third person, without his assent, under the rule now considered: 1. The owner must clothe the person assuming to dispose of the property with the apparent title to or authority to dispose of it; and 2. The person alleging the estoppel must have acted and parted with value upon the faith of such apparent ownership or authority, so that he will be the loser if the appearances to which he trusted are not real. In this respect it does not differ from other estoppels in pais.'"

See Barnard v. Campbell, 55 N. Y. 456, 14 Am. Rep. 289.

■ The evidence in appellant's behalf wholly fails to measure up to the standard announced. It simply shows that Haden purchased in good faith, for value and without notice, and all of the authorities hold that this, of itself, is insufficient. Wolf did not have actual possession of the casing. We do not mean to imply that actual possession is in all instances necessary in order to raise an estoppel against the true owner but it is a very strong indicia of ownership which was here lacking. In the present case the only evidence of ownership in Wolf for which Cozart was responsible is the fact that Wolf bought the casing as agent for Cozart. The evidence does not show Haden knew that apparently Wolf had bought the casing for himself and was thereby led to believe that Wolf was the true owner. If such a showing had been made, it might be that Cozart would be estopped to deny the title thus apparently acquired by Wolf. The issue of estoppel is not raised by the evidence.

■ Error is assigned to the admission of practically all of the evidence adduced by appellee to support his theory that Wolf was his agent to purchase the piping and purchased same in that capacity. It is objected that as to appellant it was hearsay, self-serving, etc. If this contest had been between Cozart and Wolf, there could be no question as to its admissibility. It was all a part of the res gestæ of the transaction between Cozart and Wolf. In this connection we quote from 3 Wigmore on Evidence, § 1770, as follows:

"Where the utterance of specific words is itself a part of the details of the issue under the substantive law and the pleadings, their utterance may be proved without violation of the Hearsay Rule, because they are not offered to evidence the truth of the matter that may be asserted therein.

"(1) In issues of contract in general, this use of utterances is of course common. In particular:

"(a) The making of the contract necessarily involves utterances by conversation, letter, telegram, and the like; and these are admissible under the issue. * * *

"In the same way, when money is loaned or goods sold or services rendered, the issue is whether the other party acted as agent or for himself, declarations of the transactors at the time are admissible to make clear the meaning of the act and determine to whom credit was given or by whom liability was undertaken."

Furthermore, appellant is in privity with Wolf, and the latter's admissions, either oral or by conduct, in derogation of his title, and made prior to Haden's purchase, are admissible against his vendee. 1 Greenleaf on Ev. § 190, and cases cited in 6 Michie Digest 27–28.

■ Objection is also urged against the form of the issues as submitted upon the ground that appellee's theory as to the issue of ownership of the casing was unduly emphasized and calculated to lead the jury to believe the court favored appellee's theory. We incline to the view that the objection is untenable.

In any event we do not think the form of submission could have misled the jury or in any wise prejudiced the appellant, and the error, if any, was harmless.

Affirmed.