**NETTLES v. SEGAL et al.**

**No. 5947.**

Court of Civil Appeals of Texas. Texarkana.

June 4, 1942.

Rehearing Denied June 11, 1942

Blalock, Blalock, Lohman & Blalock, Sears, Blades, Moore & Kennerly, Fred W. Moore, and Edward Kliewer, Jr., all of Houston, for appellant.

P. G. Henderson, of Jefferson, and Abney & Abney, of Marshall, for appellees.

HALL, Justice.

This action was originally filed by appellant, a daughter of J. J. Segal, deceased, on July 18, 1939, in the County Court of Marion County. Its purpose was to compel Issie and Abe Segal, appellees, alleged administrators of the estate of their father, J. J. Segal, to file a final report and account, and for partition of the J. J. Segal estate among the heirs entitled to receive the same. After due notice was given of said application as required by law, appellees on August 7, 1939, filed their final account and report showing the funds and property coming into their hands as such

administrators and the disposition thereof. Appellant contested their report, and upon a hearing in the County Court same was approved and appellees were discharged. An appeal to the District Court of Marion County was perfected by appellant. On May 21, 1941, appellant amplified her original petition filed in the County Court by amendment wherein, among other things, she alleged that appellees, particularly Issie Segal, had been guilty of fraud in the handling of the estate of J. J. Segal; that appellees had failed to list in their inventory a number of tracts of land belonging to the estate, some of which, it was alleged, later had been purchased by appellee Issie Segal. In the District Court of Marion County appellees filed their plea in abatement to appellant's application in which it was alleged "that the County Court of Marion County, Texas, had no jurisdiction to entertain this proceeding, or the application filed by the said Mrs. Rae Segal Nettles (appellant), for the reason that by an order duly made by the County Court of Marion County, Texas, at the March Term thereof in 1923, and duly entered upon the probate docket, Volume K, page 142, said County Court of Marion County, Texas, dismissed the proceedings for administration upon the estate of the said J. J. Segal, deceased. Said order was never set aside, vacated, or appealed from, but became a final judgment at the close of the March Term 1923 of said court, and said administration could not be reopened or commenced at the time the said Mrs. Rae Segal Nettles filed her application referred to above in the County Court of Marion County."

There are other grounds in the plea in abatement not necessary to mention in view of the disposition to be made of this appeal. The District Court sustained the plea in abatement.

By her first point, appellant asserts that the docket entry of the County Court of Marion County dated March 17, 1923, dismissing the administration of the J. J. Segal estate, was ineffective to close said administration and discharge the administrators. The facts are undisputed. J. J. Segal died intestate in Marion County on January 12, 1915. On January 27, 1915, Issie and Abe Segal, sons of J. J. Segal, appellees herein, made application for letters of temporary administration on said estate. On the same date appellees were appointed temporary administrators and made bond and took oath as such. On April 16, 1915, appellees filed application for letters of permanent administration which appellant alleges were never granted and the record bears out this allegation. Between this last date and March 17, 1923, appellees executed two bonds made and filed several reports relative to the condition of and claims against said estate. On March 17, 1923, the County Judge of Marion County entered on the docket in cause No. 1026, Estate of J. J. Segal, "cause dismissed." After the making of this order by the County Judge, no further action seems to have been taken in the cause until appellees filed a final account August 7, 1939, in response to the application of appellant theretofore filed requiring them to do so.

Based upon the facts substantially as detailed above, the District Court concluded, as a matter of law, that "the order made by the County Court of Marion County at the March term 1923, was a valid order and finally disposed of the proceeding for administration on the estate of J. J. Segal, deceased." The District Court concluded also that the action brought by appellant was a collateral attack upon this order. We concur in these conclusions. There is no contention here that the County Court of Marion County entered any orders or that appellees performed any act in cause No. 1026 Estate of J. J. Segal, for over sixteen years after its dismissal, and then not until they were required to do so by the application filed in said cause by appellant. So far as the record reveals, appellees were appointed only temporary administrators of the J. J. Segal estate with the limited powers to collect the sums owing to the estate and pay the debts due by it. The controlling question here is whether the order of dismissal dated March 17, 1923, was effective to close said estate and discharge the administrators, especially in view of the fact that no appeal was taken from said order and no effort is made here, except collaterally, to set it aside. Article 3219, R. S.1911, in force at the time the order of dismissal was entered, is "All such decisions, orders, decrees and judgments shall be entered on the records of the court during the term at which the same are rendered; and any such decision, order, decree or judgment shall be a nullity unless entered of record." Article 3211, R.S.1911, provides: "There shall be kept by the clerk of the county court a *record book* to be styled, 'Judge's probate docket,' in which shall be entered: * * *

"4. A minute of all orders, judgments, decrees and proceedings had in the estate, with the date thereof." (Italics ours.)

Construing earlier statutes identical with those copied above, the Dallas Court of Civil Appeals in West v. Keeton, 17 Tex. Civ.App. 139, 42 S.W. 1034, 1036, held: "As this article makes this docket a part of the record, orders entered upon it cannot come under the provision of the subsequent article (1853 [Vernon's Ann.Civ.St. art. 3302]), denouncing as nullities all orders not 'entered of record.' Such orders should be carried into the regular minutes of the court, and it is so directed by the statute (articles 2557 and 2560 [Vernon's Ann.Civ. St. arts. 4107, 4110]); *but the failure of the clerk to carry them into the minutes does not, by force of the statute, render them nullities, and subject to collateral attack as void.*" (Italics ours.)

This question has been before the courts of the state many times, and in each instance the holding is contrary to the contention asserted by appellant. See De Cordova v. Rogers, 97 Tex. 60, 75 S.W. 16; Teague v. Swasey, 46 Tex.Civ.App. 151, 102 S.W. 458; Hannon v. Henson, Tex. Com.App., 15 S.W.2d 579; Burton v. Mc-Guire, Tex.Com.App., 41 S.W.2d 238; Rye v. J. M. Guffey Petroleum Co., 42 Tex. Civ.App. 185, 95 S.W. 622, writ refused; Wagley v. Wagley, Tex.Civ.App., 230 S.W. 493; Krawietz v. Kneiski, Tex.Civ.App., 236 S.W. 805; Wilkinson v. Owens, 72 S. W.2d 330, by this court.

But it is the contention of appellant that by the act of appellees in filing the final account August 7, 1939, the administration of the J. J. Segal estate was kept open irrespective of the order of dismissal of March 17, 1923. The cases of Bayne v. Garrett, 17 Tex. 330, and Blackwell v. Blackwell, 86 Tex. 207, 210, 24 S.W. 389, 390 are cited as authority for such contention. An examination of those cases reveals that after the discharge of the administrator and the closing of the administration, the administrator and the probate court continued to administer the estates as though no final order closing them had been entered. In the Bayne v. Garrett case it is said:

"It has been shown that the acts of the administrator did not stop with this order of the Court, *but that he continued to act and be recognized by the Court,* without any reference to this order of discharge, as the administrator of Jacob Garrett; and under the authority of Townsend v. Munger, 9 Tex. 300, it must be presumed that the order discharging him had been revoked." (Italics ours.)

In the case of Blackwell v. Blackwell, it is said: "He [administrator] had, after the making of the order relied upon, appeared in court, and asked orders of the court with reference to the estate, acquired property for the estate under the orders granted, and for two years rendered annual accounts, as if the estate were open and being administered. When called upon to surrender the estate to the heirs, he would not be allowed to make a shield of the time which he had consumed in its management."

No such situation exists here. The only act of appellees toward said estate was at the instance of appellant and in obedience to the order of the probate court of Marion County. And that was the single act of filing a final account on August 7, 1939, over sixteen years after the entry of the order of dismissal on March 17, 1923. In our opinion, this single act of appellees done under compulsion, would not constitute "an administering of said estate" so as to invoke the rule announced in the two cases cited last above.

Furthermore, there can be no doubt that the attack made here on the order of dismissal of March 17, 1923, is a collateral one. No attempt was made in either the County or the District Court to strike down this order. The order of dismissal is certainly not a void order, but at most is only erroneous or voidable. Carroll v. McLeod, 133 Tex. 571, 130 S.W.2d 277; Simmons v. Arnim, 110 Tex. 309, 220 S.W. 66.

It is our opinion that the order of the trial court was correct in sustaining appellees' plea in abatement.

This conclusion renders unnecessary a discussion of the other points advanced by appellant.

The judgment is affirmed.