Thora PARKINS et al., Appellants,

v.

N. Finley MARTIN, Administrator,
et al., Appellees.

No. 7520.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 11, 1965.

Rehearing Denied Nov. 8, 1965.

---

Stone & Stone, Amarillo, for appellants.

Underwood, Wilson, Sutton, Heare & Berry, Gibson, Ochsner, Harlan, Kinney & Morris, Miller, Sanders & Baker, Amarillo, for appellees.

DENTON, Chief Justice.

Appellants, Thora Parkins, Mary Arnold, Drummond Whaley, and C. Wayne Gooch, brought this suit against N. Finley Martin, Administrator, National Surety Corporation, Charles H. and C. A. "Chet" Holding, heirs and legal representatives of Glenn T. Holding, deceased, by way of bill of review to revise and correct certain orders and judgment in the administration of the Glenn T. Holding Estate. Both the probate court and district court in a trial de novo sustained the defendants' special exception which raised a plea of limitations. Upon appellants' refusal to amend their application, the trial courts granted judgment for appellees.

Glenn T. Holding died intestate on May 5, 1960. On August 11, 1960, appellee N. Finley Martin made application for Letters of Administration, which was granted by the probate court judge on August 22, 1960. The administrator filed his oath on the same date. On September 22, 1960, the administrator's bond was filed and approved. An Inventory and Appraisement and additional inventories were duly filed and approved. Thereafter, on August 30, 1961, the administrator filed his petition for distribution, at which time citation by publication was issued. It was published on August 31, 1961. The citation was addressed to "Charles H. Holding and C. A. "Chet" Holding, and to all persons and parties and each of the persons and parties interested in the Estate of Glenn T. Holding, Deceased, and the heirs of Glenn T. Holding, Deceased, whose names and addresses are unknown." On appearance day, September 11, 1961, the County Judge entered a Decree for Partition which found Charles H. Holding and C. A. "Chet" Holding were the sole and only surviving heirs of Glenn T. Holding; found each were entitled to one-half of the estate; and directed the administrator to pay and deliver to each of said named heirs one-half of the Estate of Glenn T. Holding, Deceased. On November 6, 1961, the Probate Court entered its "Order Approving Final Account and Ordering the Distribution of the Remaining Property and Discharge of Administrator." On November 1, 1963, appellants filed their petition for bill of review in the probate court. It is this application which forms the basis of this suit. Appellees' special exception was leveled to the bill of review and raises the question of limitations.

The ultimate question to be determined is whether the two-year period of limitation applies to the probate court's order of September 11, 1961, or the order of November 6, 1961. Section 31, Probate Code, V.A. T.S., provides:

"§ 31. Bill of Review

"Any person interested may, by a bill of review filed in the court in which the probate proceedings were had, have any decision, order, or judgment rendered by the court, or by the judge thereof, revised and corrected on showing error therein; but no process or action under such decision, order or judgment shall be stayed except by writ of injunction, and no bill of review shall be filed after two years have elapsed from the date of such decision, order, or judgment. Persons non compos mentis and minors shall have two years after the removal of their respective disabilities within which to apply for a bill of review."

Obviously appellants' petition for bill of review which was filed November 1, 1963,

was within the two-year period after the entry of the order of November 6, 1961, but more than two years after the entry of the September 11, 1961, order. Thus, the question is which order of the probate court governs the limitation period which applies to appellees' application for bill of review under the provisions of Section 31 of the Probate Code.

Appellants take the position that due to the fact the various inventories filed by the administrator reflect the estate consisted of some real estate, the probate court's decree for partition on September 11, 1961, which stated the estate on hand consisted solely of money and debts due the estate, was in conflict with the record facts. It is thus their argument the court's order of September 11 is void or of no effect. If this be so appellants' bill of review was timely filed. Appellants further contend that due to the fact the estate did consist of real estate, a partition of the estate must comply with Sections 380 and 381 of the Probate Code rather than Section 379.

It is undisputed the probate court did not comply with Sections 380 and 381 in partitioning or distributing the estate. Appellants contend the fact the partition decree of September 11 was entered without a partition by a Commission as prescribed by Section 380 renders the decree a nullity. In support of this position appellants cite Section 37 of the Probate Code for the proposition that when one dies intestate his estate vests immediately in his heirs at law, and that a conveyance of the estate or a part thereof grants to the assignee only such right as the heir might have when the administration is closed. In support of this contention appellants also cite Rutherford v. Stamper, 60 Tex. 447; Blinn v. McDonald, 92 Tex. 604, 46 S.W. 787; Littlefield v. Ungren (Tex.Civ.App.), 206 S.W.2d 152. The contention is made that such a conveyance, if there was in fact a conveyance, does not remove the property from the jurisdiction of the probate court and that, therefore, the partition decree of September 11 granted no final and irrevocable right to the estate to Charles H. and C. A. "Chet" Holding.

It is undisputed the Probate Court of Potter County had exclusive original jurisdiction over the estate of the deceased. The administration of an estate is an in rem proceeding; and once its jurisdiction attaches, the court's orders are not void upon its failure to appoint commissioners to partition the real estate. Hirshfeld v. Brown, Tex.Civ.App., 30 S.W. 962; Heath v. Layne, 62 Tex. 686. Assuming, arguendo, the order of September 11 was incorrect when it stated the estate consisted "solely of money and debts due the estate", this finding does not render the order void. It may have been erroneous, but not void. We conclude the order of September 11 can not be declared void simply because the statutory requirement of appointing a commission to partition the estate had not been followed. Rye v. J. M. Guffey Petroleum Company, 42 Tex.Civ.App. 185, 95 S.W. 622. As stated in Heath v. Layne, Supra:

"the doctrine has become firmly established in this state that the court has jurisdiction of the estate, and that orders of sale of real property without the notice prescribed are not void, but are irregular and voidable. And that such orders may be vacated and set aside by those interested in the estate, by direct proceeding for that purpose instituted in the tribunal and within the time prescribed by law."

Being of the opinion the order of September 11 is not void, but voidable, we must now determine whether this order governs the running of the limitation period as it relates to the appellants' petition for bill of review. The Decree of Partition, after determining the whole Holding estate was susceptible of fair and equal partition and distribution, made a determination of heirship and ordered distribution of the estate to the two named heirs. The controverted issue in this case is whether or not

Charles H. and C. A. "Chet" Holding are the sole and only surviving heirs of Glenn T. Holding, Deceased. This issue was adjudicated by the Decree for Partition of September 11, 1961. The court's order of November 6, which ordered distribution of the remaining property and discharged the administrator, made no determination of heirship. It referred to the order of September 11 which had made the heirship determination and recognized that simultaneously with the entry of the November 6 order, the administrator "had delivered all of said estate remaining in his hand * * * one-half (½) to Charles H. Holding; and one-half (½) to C. A. 'Chet' Holding; and that none of such estate remains in the hands of this representative."

In discussing the right of appeal under Section 28 of the Probate Code, the Supreme Court in Fischer v. Williams, 160 Tex. 342, 331 S.W.2d 210, held:

"Under Section 28 of the Probate Code, formerly Article 3698, Revised Civil Statutes of Texas, in order to authorize an appeal in a probate matter, it must be an appeal from a decision, order, decree, or judgment which finally disposes of and is conclusive of the issue or controverted question for which that particular part of the proceeding was brought. See Halbert v. Alford, 82 Tex. 297, 17 S.W. 595. We interpret Section 28, supra, to mean that it has application only to such decisions, orders, or judgments as at the end of a term would be held to have conclusively adjudicated some controverted question or right, unless set aside by some proper appellate or revisory procedure."

As stated the September 11 order disposed of the issue of heirship and disposition of the estate in question. That is the basis of the present controversy. It is the order which precludes appellants' interest, if any, in the estate. As the petition for bill of review was filed November 1, 1963, more than two years after the entry of the September 11, 1961 order, it was not timely filed under the provisions of Section 31 of the Probate Code.

■ Appellants next contend the estate was prematurely partitioned and distributed in that it was so ordered less than twelve months after the original grant of Letters of Administration. Section 373(a) of the Probate Code specifically makes this requirement; but the record does not reflect the orders of the probate court did violence to this section. Application for Letters of Administration was filed by Martin on August 11, 1960. Following proper citation the probate court granted the application for Letters of Administration on August 22, 1960. Martin's bond was executed, filed, and approved on September 22 of that same year. It is appellants' position that since the administrator's bond was not filed and approved until September 22, 1960, the decree for partition of September 11, 1961, was prior to the expiration of twelve months after the "original grant of Letters" and was therefore void. That is to say, appellants urge that the twelve-month requirement should be measured from the date of the qualification of the administrator which would be September 22, 1960. Such an interpretation would be contrary to the very language of Section 373(a). That section reads:

"(a) Who May Apply. At any time after the expiration of twelve months after the original grant of letters testamentary or of administration, the executor or administrator, or the heirs, devisees, or legatees of the estate, or any of them, may, by written application filed in the court in which the estate is pending, request the partition and distribution of the estate."

The probate court grants letters of administration or testamentary. The clerk of that court issues the letters. See Sections 181 and 182 of the Probate Code. Martin's petition for distribution, filed August 30, 1961, was clearly more than twelve months after the original grant of Letters

of Administration by the probate court on August 22, 1960, and was in compliance with the provisions of the Probate Code.

■ Appellants next contend the failure of the probate court to appoint an attorney ad litem to represent the unknown heirs of the deceased pursuant to Section 376 of the Probate Code renders the court's Decree of Partition of September 11 void, and that such failure violates the Texas Constitution and the Fourteenth Amendment of the United States Constitution. Section 376 provides for the appointment of a guardian ad litem for minors or persons of unsound mind and the appointment of "an attorney to represent non-residents and unknown parties having an interest in the estate, if there be any." It is undisputed that the court below did not appoint an attorney for the unknown parties. We think our ruling relative to appellants' contention that the Decree of Partition of September 11 was void because of the court's failure to appoint commissions to partition the estate is applicable to the contention made here. The proceeding was one in rem and the probate court's jurisdiction had attached. It is well settled that the failure of a court in the exercise of a valid judicial power to observe a direction of a statute, which has to do with the exercise of the power, not the power itself, may render the order or decree voidable, but will not render it void. Simmons v. Arnim, 110 Tex. 309, 220 S.W. 66; Hirshfeld v. Brown, Supra; Heath v. Layne, Supra; and Montgomery v. Carlton, 56 Tex. 361. Neither the Texas Constitution nor the Fourteenth Amendment of the United States Constitution, which guarantees that no State shall deprive a person of life, liberty and property without due process of law, deprives our courts of jurisdiction to determine the property rights of persons within their respective jurisdictions in a case properly before it. Tracy v. Ginzberg, 205 U.S. 170, 27 S.Ct. 461, 51 L.Ed. 755.

The judgment of the trial court is affirmed.