# NO. 12-13-00002-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISDRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CHRISTOPHER JOEL DAVEY,* *APPELLANT* | § | *APPEAL FROM THE 87TH* |
| *V.* | | |
| *MARGARETT JORDAN ROYALTIES,* *INC., EXXON MOBIL CORPORATION,* *HUNT OIL COMPANY, BLUESTONE* *NATURAL RESOURCES, LLC,* *CARRIZO OIL & GAS, INC.,* *CHESAPEAKE OPERATING, INC.,* *CULVER & CAIN PRODUCTION, LLC,* *CW RESOURCES, INC., FOREST OIL* *CORPORATION, GOLDSTON OIL* *CORPORATION, KAISER-FRANCIS OIL* *COMPANY, KERR–MCGEE OIL & GAS* *ONSHORE L.P., PLAINS MARKETING,* *L.P., PRIZE PETROLEUM, LLC,* *SOUTHWEST OPERATING, INC.,* *VERNON E. FAULCONER, INC., WEST* *MOUNTAIN OPERATING CO., INC.,* *AND XTO ENERGY, INC.,* *APPELLEES* | § § | *JUDICIAL DISTRICT COURT* *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Christopher Joel Davey appeals from an adverse summary judgment rendered in his suit against numerous oil companies in an attempt to recover land that once belonged to his deceased father. In five issues, Davey contends that the orders rendered in the temporary administration of his father's estate are void for want of jurisdiction, the deeds purportedly conveying property to Margarett Jordan Royalties, Inc. (MJR) are void, and the defendants' motion for summary judgment did not address all of his causes of action. We affirm the trial court's judgment.

BACKGROUND

Christopher Joel Davey's father, Martin A. Davey, III, died intestate on April 23, 1996. Howard Norris immediately applied for temporary administration of the estate, asking to be appointed temporary administrator. In an order dated April 23, 1996, the presiding judge of the County Court at Law of Anderson County appointed Norris temporary administrator of the estate of Martin A. Davey, III for a period of 180 days. Notice of the appointment was posted at the Anderson County courthouse. The 180 day term was repeatedly extended. An order closing the temporary administration was signed on October 6, 2000.

Christopher filed his original petition on April 13, 2011, against MJR, the entity that purchased the estate's mineral and royalty interests. Later, Christopher added twenty-nine defendants who have leased minerals that are the subject of the suit. Christopher sued for declaratory judgment, trespass to try title, to remove cloud from title, slander of title and to quiet title, conversion, and recovery of monies paid for royalties and bonuses. Claiming that he owns the real property involved and that Norris did not have the authority to execute and deliver deeds to the property, Christopher sought to show that the deeds executed during the course of the temporary administration of his father's estate are void and the defendants owe him damages and attorney's fees.

Some defendants moved for summary judgment asserting that Christopher cannot collaterally attack the orders rendered in the prior probate case because there is no evidence that the trial court lacked jurisdiction to render its orders in the probate proceeding. The trial court granted a no evidence summary judgment in favor of MJR, Exxon Mobil Corporation, Hunt Oil Company, BlueStone Natural Resources, LLC, Carrizo Oil & Gas, Inc., Chesapeake Operating, Inc., Culver & Cain Production, LLC, CW Resources, Inc., Forest Oil Corporation, Goldston Oil Corporation, Kaiser-Francis Oil Company, Kerr-McGee Oil & Gas Onshore LP, Plains Marketing, L.P., Prize Petroleum, LLC, Southwest Operating, Inc., Vernon E. Falconer, Inc., West Mountain Operating Co., Inc., and XTO Energy, Inc. Christopher nonsuited some defendants, and the trial court severed Christopher's cause of action against the remaining defendants.

## STANDARD OF REVIEW

We review the trial court's decision to grant summary judgment de novo. ***Tex. Mun. Power Agency v. Pub. Util. Comm'n***, 253 S.W.3d 184, 192 (Tex. 2007). After adequate time for discovery, a party without the burden of proof at trial may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense. TEX. R. CIV. P. 166a(i). Once a no evidence motion has been filed in accordance with Rule 166a(i), the burden shifts to the nonmovant to bring forth evidence that raises a fact issue on the challenged element. *See* ***Macias v. Fiesta Mart, Inc.***, 988 S.W.2d 316, 317 (Tex. App.– Houston [1st Dist.] 1999, no pet.). A no evidence summary judgment is essentially a pretrial directed verdict. ***Timpte Indus., Inc. v. Gish***, 286 S.W.3d 306, 310 (Tex. 2009).

Review of a summary judgment under a no evidence standard requires that the evidence presented by both the motion and the response be viewed in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could and disregarding all contrary evidence and inferences unless reasonable jurors could not. ***Gish***, 286 S.W.3d at 310; ***Wal-Mart Stores, Inc. v. Rodriquez***, 92 S.W.3d 502, 506 (Tex. 2002). Evidence that favors the movant's position will not be considered unless it is uncontroverted. ***Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.***, 391 S.W.2d 41, 47 (Tex. 1965).

## COLLATERAL ATTACK

In his first, second, and fourth issues, Christopher asserts that the orders rendered in the temporary administration are void and susceptible to this collateral attack. In his first issue, he claims that the statute governing appointments of temporary administrators is jurisdictional and grants authority to the court for only 180 days. Therefore, the argument continues, all orders rendered by the court outside of that 180 day period are void. Alternatively, in his second issue, Christopher asserts that the temporary administration ceased, by the terms of a court order, on April 20, 1997, and the court's plenary power expired thirty days later, rendering any later actions by the court void. In his fourth issue, Christopher contends the deeds signed by the temporary administrator fail to pass title because Norris was not an authorized temporary administrator and therefore the deeds were effectively forged. Additionally, in his reply brief, Christopher argues that he had no notice of the temporary administration and therefore no due

3

process and no ability to directly attack the probate court's orders. He insists that he must have "some form of constitutional redress for being divested of property."

### *Jurisdiction*

Over the course of the temporary administration, some proceedings were handled in the County Court of Anderson County and some were handled in the County Court at Law of Anderson County. The legislature has determined that these courts have concurrent jurisdiction over probate proceedings. TEX. EST. CODE ANN. § 32.002(b) (West 2014).[1] Further, the legislature has also determined that the administration, from filing to discharge, is one proceeding for purposes of jurisdiction. TEX. EST. CODE ANN. § 32.001(d) (West 2014). If the court having potential jurisdiction renders a judgment regular on its face that contains recitations stating that potential jurisdiction has been activated, then the judgment is voidable, not void, and may be set aside only by a direct attack. *See Akers v. Simpson*, 445 S.W.2d 957, 959 (Tex. 1969). A court of potential jurisdiction has the power to determine whether its jurisdiction has been activated, and the recitations making that determination are immune from attack in a collateral proceeding. *McEwen v. Harrison*, 345 S.W.2d 706, 710 (Tex. 1961).

The court's order of April 23, 1996, appointing Norris temporary administrator includes the statement that "this Court has jurisdiction and venue over the Decedent's estate." Thus, a court having potential jurisdiction rendered a judgment regular on its face containing recitations that potential jurisdiction has been activated. Furthermore, the court continued to have jurisdiction throughout the duration of the administration, which ended when the court rendered the order closing the administration on October 6, 2000. *See* TEX. EST. CODE ANN. § 32.001(d). Accordingly, the court's orders are immune from collateral attack. *McEwen*, 345 S.W.2d at 710.

### *180 Day Provision*

The duration of a temporary appointment "may not exceed 180 days unless the appointment is made permanent." TEX. EST. CODE ANN. § 452.003(2) (West 2014). Christopher asserts that this time limit is a jurisdictional requirement and the failure to comply deprived the court of the power to act. We disagree.

A reviewing court applies statutory construction principles in determining whether a statute's requirements are jurisdictional. *City of DeSoto v. White*, 288 S.W.3d 389, 394 (Tex.

---

[1] The Texas Probate Code has been amended and recodified since the temporary administration was opened in this case. However, the text of the applicable statutes was not substantively changed. For ease of reference, we will cite to the new Texas Estates Code, which became effective January 1, 2014.

2009). When analyzing a statutory provision, we begin with the presumption that the legislature did not intend to make the provision jurisdictional. *Id.* The presumption may be overcome only by clear legislative intent to the contrary. *Id.* We must look to the specific language of the statute, any enumerated consequences for failure to comply, and the policy ramifications of either interpretation. *Id.* at 395-96.

Here, the statute's use of the term "may not" creates a mandatory requirement. *City of Athens v. MacAvoy*, 353 S.W.3d 905, 909 (Tex. App.–Tyler 2011, pet. denied). The phrase "may not" is synonymous with "shall not" and imposes a prohibition. TEX. GOV'T CODE ANN. § 311.016(5) (West 2013). However, just because a statutory requirement is mandatory does not mean that compliance with it is jurisdictional. *City of DeSoto*, 288 S.W.3d at 395.

The statute contemplates that upon expiration of the 180 day temporary administration certain tasks must be completed. However, we note that the statute does not reference any consequences for failure to end the temporary administration after 180 days. When a statute is silent about the consequences of noncompliance, we look to the statute's purpose to determine the proper consequences. *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 494 (Tex. 2001).

At the end of the temporary administration, the court may make the appointment permanent if it is in the interest of the estate to do so. TEX. EST. CODE ANN. § 452.008 (West 2014). Otherwise, when letters of temporary administration expire, the temporary administrator shall file an accounting, the court shall order the temporary administrator to deliver the estate to the person legally entitled to it, and the court shall discharge the temporary administrator. TEX. EST. CODE ANN. §§ 452.151-.152 (West 2014). From this we conclude that the legislature intended to finalize the estate administration and appropriately dispose of estate property. A determination that extending a temporary administration constitutes an error resulting in loss of the probate court's jurisdiction would be at odds with the legislative intent behind the entire estate administration scheme. We see no indication of legislative intent to make the provision jurisdictional. The presumption that the legislature did not intend to make the provision jurisdictional stands. *See City of DeSoto*, 288 S.W.3d at 394. Further, a finding that this provision is jurisdictional, and thus could lead to collateral attacks on final judgments, is adverse to the well-known policy that judgments are to be given finality. *See Browning v. Prostok*, 165 S.W.3d 336, 345-46 (Tex. 2005). We conclude that the 180 day term of appointment for temporary administrators is not jurisdictional. We overrule Christopher's first issue.

5

### *Plenary Power*

We also reject Christopher's argument that the temporary administration ceased on April 20, 1997, and that the court's plenary power expired thirty days later. As explained above, once the court's jurisdiction was activated, the court continued to have jurisdiction until the temporary administrator was discharged and the administration closed. *See* TEX. EST. CODE ANN. § 32.001(d). We overrule Christopher's second issue.

### *Forgery*

Christopher contends that the temporary administrator forged the deeds. The temporary administrator was properly appointed by a court of competent jurisdiction and he had the power to sell estate property. The probate court approved the sale. There is nothing in the record to indicate a forgery. To the extent Christopher is arguing that the temporary administrator lacked authority because the appointment exceeded 180 days, we repeat, the 180 day provision is not jurisdictional. The failure to comply with that provision does not cause the orders approving the sale of estate property to become void. *See City of DeSoto*, 288 S.W.3d at 398. We overrule Christopher's fourth issue.

### *Due Process*

In his reply brief, Christopher asserts that he should be allowed to collaterally attack the probate court's orders because lack of notice of the temporary administration constituted a denial of due process. He has not supported the argument with citation to authority as required by the rules. *See* TEX. R. APP. P. 38.1(i). Further, in order to present an issue for appellate review, the record must show that a complaint was made to the trial court by a timely request, objection, or motion. TEX. R. APP. P. 33.1(a)(1). This requirement applies to constitutional claims a party wishes to raise on appeal. *Dreyer v. Greene*, 871 S.W.2d 697, 698 (Tex. 1993). Christopher has not identified by citation to the record where he raised this issue in the trial court. *See* TEX. R. APP. P. 38.1(i). We may not consider grounds for reversal of a summary judgment that were not expressly presented to the trial court by written response to the motion. *See* TEX. R. CIV. P. 166a(c); *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993).

Moreover, the administration of an estate is an in rem proceeding. TEX. EST. CODE ANN. § 32.001(d); *Parkins v. Martin*, 395 S.W.2d 862, 864 (Tex. Civ. App.–Amarillo 1965, writ ref'd n.r.e.). An in rem judgment is binding on the whole world and specifically upon persons who have rights or interests in the subject matter, and this is so whether those persons were or were

not personally served. ***Ladehoff v. Ladehoff***, 436 S.W.2d 334, 336 (Tex. 1968). The court's orders are binding until set aside by a proper direct attack. ***Id***. at 336-37. Additionally, the probate court's orders for sale of real property are not void for failure to give statutory notice of the sale. ***Parkins***, 395 S.W.2d at 864; ***Daimwood v. Driscoll***, 151 S.W. 621, 622 (Tex. App.–San Antonio 1912, writ ref'd).

### *Whether Summary Judgment Motion was Dispositive*

In his fifth issue, Christopher asserts that the defendants' motion for summary judgment addressed only his collateral attack on the temporary administration. He contends the motion did not address his request for relief under the declaratory judgments act or his causes of action for suit to set aside deed, trespass to try title, slander of title, suit to quiet title, and conversion. He argues that each of these causes of action is distinct and does not require a collateral attack on the temporary administration. Additionally, his argument continues, each cause of action requires him to prove the deed was void and a deed can be void for a number of reasons.

In his live petition, Christopher asked that a declaratory judgment be rendered providing that "[t]his suit is an action disputing title to the real property described herein;" the deeds to MJR are void, did not pass title to MJR, and should be set aside; the deeds cloud his title; and recording those deeds constitutes a slander on his title. He prayed for title to and possession of the real property together with a declaration that the deeds to MJR are void and that the order approving the sale is void.[2] A declaratory judgment action cannot be used to have a prior judgment declared void; this constitutes an impermissible collateral attack. *See **Cohen v. Cohen***, 632 S.W.2d 172, 173 (Tex. App.–Waco 1982, no writ). That is precisely what Christopher is attempting to do. Christopher seeks to set aside the probate court's orders on a ground other than that the trial court lacked jurisdiction or that the judgment was void on its face. ***Id***. at 174. Thus, the motion for summary judgment addressed his declaratory judgments cause of action.

All of his remaining causes of action would require him to prove that he has superior title to the property. *See **Great W. Drilling, Ltd. v. Alexander***, 305 S.W.3d 688, 695 (Tex. App.–Eastland 2009, no pet.) (conversion); ***Wells v. Kan. Univ. Endowment Ass'n***, 825 S.W.2d 483, 486 (Tex. App.–Houston [1st Dist.] 1992, writ denied) (trespass to try title); ***Williams v.***

---

[2] The petition makes it clear that Christopher seeks title to the property. Therefore, this is not an appropriate action for application of the declaratory judgments act. *See **Martin v. Amerman***, 133 S.W.3d 262, 265 (Tex. 2004) (If resolution of a dispute does not require a determination of title, the dispute can be raised in a declaratory judgment action.).

*Jennings*, 755 S.W.2d 874, 879 (Tex. App.–Houston [14th Dist.] 1988, writ denied) (slander of title); *Bibby v. Preston*, 555 S.W.2d 898, 901 (Tex. Civ. App.–Tyler 1977, no writ) (suit to quiet title); *Hollar v. Jowers*, 310 S.W.2d 721, 724 (Tex. Civ. App.–Eastland 1958, writ ref'd n.r.e.) (suit to set aside deed). In their motion for summary judgment, MJR and the other defendants asserted that the orders of the probate court are immune from collateral attack, and that to prevail, Christopher must establish from the face of the record in the prior proceeding that the previous orders were void. To do so, he would have to prove a jurisdictional defect. MJR asserted that there is no evidence of a jurisdictional defect that would render any of the orders void and this issue disposes of the entire lawsuit.

Christopher's claim to title is as the sole heir of Martin A. Davey, III. But that claim is subordinate to creditors of the estate. *See* TEX. EST. CODE ANN. § 101.051(b) (West 2014). The probate court has jurisdiction to sell property for the payment of debts, and its judgment in this regard, where jurisdiction over an estate is once acquired, is binding and not subject to collateral attack. *Brown v. Fleming*, 212 S.W. 483, 487-88 (Tex. 1919). The deeds executed by Norris during the temporary administration vest in MJR all the right and title of the estate to, and all interest of the estate in, the property. TEX. EST. CODE ANN. § 356.557 (West 2014). Orders of the probate court authorizing the sale of estate property become part of the chain of title to the lands in question. *Mathews v. Myers*, 42 S.W.2d 1099, 1101 (Tex. Civ. App.–Austin 1931, no writ). The probate court found that MJR is legally entitled to possession of all of the property belonging to the estate, that Norris had delivered all the property of the estate to the persons entitled to receive the same, and that the deed to MJR was proper. Therefore, the probate court orders would be a part of any cause of action addressing title to the property. Christopher would have to attack the probate court's orders to attempt to show that he owned the property. It follows that each cause of action alleged by Christopher constituted an impermissible collateral attack on the probate court's orders. *See Brown*, 212 S.W. at 487-88.

Christopher argues that each of these causes of action depends on proving the deed was void. He further argues that a deed can be void for a number of reasons, such as insufficient description of the property, invalid grantor, lack of grantor signature, failure to deliver, or invalid grantee. He argues that none of these causes of action require a collateral attack on the temporary administration. We disagree. As explained above, each of these causes of action attack, in essence, the probate court's orders. We overrule Christopher's fifth issue.

8

## NAME OF GRANTEE

In his third issue, Christopher contends that the twenty deeds executed by Norris on August 10, 1999, are void because they were first issued to "Margarett Jordan Royalties Corp.," a nonexistent entity. Further, he asserts that Norris filed only seventeen corrected deeds, correcting the grantee to "Margarett Jordan Royalties, Inc."

A deed will not pass title to a grantee not in existence. *William Cameron & Co. v. Trueheart*, 165 S.W. 58, 61 (Tex. Civ. App.–Austin 1914, no writ). As a general rule, where a promoter enters into a contract in the name of a corporation that has not yet been formed, he is personally liable on the contract absent an agreement with the contracting party that the promoter is not liable. *See Bibbee v. Root Glass Co.*, 96 S.W.2d 975, 976 (Tex. 1936). However, there is no personal liability where the contract is made in the name and solely on the credit of the proposed corporation and the contracting party knows that the corporation does not yet exist. *Aloe, Ltd. v. Koch*, 733 S.W.2d 364, 366 (Tex. App.–Corpus Christi 1987, no writ). Additionally, where the contract is for the purchase of land by a corporation not yet in existence, title would vest in the promoter individually. *Trueheart*, 165 S.W. at 61. Where title vests in the individual promoter, the promoter would hold as trustee for the corporation subsequently formed. *See id*.

The summary judgment evidence shows that Frank Hughey was named as the sole incorporator of Margarett Jordan Royalties, Inc., which was issued a certificate of incorporation, and thus came into existence, on December 23, 1999. There is nothing in the record about any agreement between Hughey, the incorporator, and Norris regarding whether Hughey is to be held personally liable. The record shows that Norris was involved in the incorporation of MJR. Once the Secretary of State issued the certificate of incorporation, it was mailed to Norris. Therefore, he had to have known on August 10, 1999, that the corporation was not yet in existence. However, while title did not pass directly to MJR, the deeds are not void merely because they were executed before the corporation was incorporated. Under these circumstances, Hughey held title as trustee, but the deeds are not void. Further, a subsequent adoption of the contract by the corporation will relieve the promoter of personal liability. *Aloe, Ltd.*, 733 S.W.2d at 367. Here, the corporation is defending its rights under the deeds in this lawsuit. The deeds were never void due to the named grantee. We overrule Christopher's third issue.

## DISPOSITION

Because the trial court did not err in granting the defendants' motion for a no evidence summary judgment, we ***affirm*** the trial court's judgment.

<u>BRIAN HOYLE</u>
Justice

Opinion delivered August 13, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

10



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 13, 2014**

**NO. 12-13-00002-CV**

**CHRISTOPHER JOEL DAVEY,**
Appellant
V.
**MARGARETT JORDAN ROYALTIES, INC., EXXON MOBIL CORPORATION, HUNT OIL COMPANY, BLUESTONE NATURAL RESOURCES, LLC, CARRIZO OIL & GAS, INC., CHESAPEAKE OPERATING, INC., CULVER & CAIN PRODUCTION, LLC, CW RESOURCES, INC., FOREST OIL CORPORATION, GOLDSTON OIL CORPORATION, KAISER-FRANCIS OIL COMPANY, KERR–MCGEE OIL & GAS ONSHORE L.P., PLAINS MARKETING, L.P., PRIZE PETROLEUM, LLC, SOUTHWEST OPERATING, INC., VERNON E. FAULCONER, INC., WEST MOUNTAIN OPERATING CO., INC., AND XTO ENERGY, INC.,**
Appellees

Appeal from the 87th District Court

of Anderson County, Texas (Tr.Ct.No. 87-11313)

THIS CAUSE came to be heard on the oral arguments, appellate record, and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **CHRISTOPHER JOEL DAVEY**, for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*